Joseph A. G-avagah, J.
Petitioner moves for confirmation of award. The parties are all of the stockholders of the subject corporation and three of the four directors. Petitioner is the owner of 50% of the stock and the respondents together own 50%. The stockholders’ agreement provided for arbitration of disputes “ with respect to any provision of this agreement, or pertinent to the conduct of the business of the corporation ”. It is unnecessary-to determine whether thereby the arbitrators were empowered to pass upon only those disputes arising within the framework of a continuing business, for the parties submitted to and participated in an arbitration upon the following demands: “1. The continuing of employment by the said corporation of Mr. Fred Eckert. 2. The conduct of the business of the corporation generally. 3. Our inability to continue amicably to manage the affairs of the corporation. ’ ’
Item No. 1 was withdrawn. The third arbitrator was designated by the two designated by the parties. The award was unanimous and is as follows: “ We agree that there should be a dissolution of this business. In accordance with the accountant’s statement submitted to us dated November 31, 1960, it is our opinion that the business is worth approximately $200,000.00. It is our recommendation that Meyer I. Berman and Meyer Eckert might sit down to discuss and verify the above figures and bid against each other, the highest bidder to be the purchaser of the business. Should Meyer I. Berman and Meyer Eckert disagree on the purchase of the business as recommended by us, we recommend that they might divide the business dollar for dollar based on stock, bonds, cash in the bank, machines in accordance with appraisal, estimates, accounts receivable, etc.”
Respondents object that the arbitrators exceeded their powers in that they were not authorized to direct a dissolution, the award is unenforcible since it directs the dissolution of a corporate business in the absence of the corporation as a party, and the award is not enforcible because it is not final and definite.
Implicit in the items submitted to the arbitrators and acted upon is the power to conclude that the business shall or shall not continue. Thus, an award that there should be dissolution is not beyond the power and the additional award is advisory only and does not nullify its finality. There can be no objection that all of the stockholders joining in such arbitration did not bind their own company.
The motion is granted.